## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:**  Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later.  File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form.  Parties proceeding pro se are not required to file a docketing statement.  Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | |
| **Originating No. & Caption** | |
| **Originating Court/Agency** | |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | | |
| Time allowed for filing in Court of Appeals | | |
| Date of entry of order or judgment appealed | | |
| Date notice of appeal or petition for review filed | | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ○ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33.  Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ○ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ○ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br> Phone: | Name: <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br> Phone: |
| **Appellant (continued)** | |
| Name: <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br> Phone: | Name: <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br> Phone: |

**Signature:** _____    **Date:** _____

**Counsel for:** _____

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by [  ] personal delivery; [  ] mail; [  ] third-party commercial carrier; or [  ] email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

Attachment 1 to Docketing Statement
(Case No. 25-1372)

Nature of the Case:

This case arose after Defendant-Appellee, a federally recognized accreditor of institutions of higher education, withdrew Plaintiff-Appellant's accreditation, which prevented Plaintiff-Appellant's institution of higher education from enrolling students and accessing federal financial aid. Plaintiff-Appellant contends that Defendant-Appellee improperly manipulated its internal appeals process and arbitration rules to preclude the arbitrator from hearing evidence material to Plaintiff-Appellant's claims, including evidence of bad faith and disparate treatment. Plaintiff-Appellant filed a Motion to Vacate the Arbitration Award and pursued a violation of due process claim (Count I), two tortious interference with contract claims (Count III and IV), and a tortious interference with prospective business or economic advantage claim (Count V). Defendant-Appellee opposed Defendant-Appellee's Motion to Vacate the Arbitration Award and later moved for Judgment on the Pleadings ("MJOP"), under Rule 12(c) of the Federal Rules of Civil Procedure with respect to the four claims against Defendant (Counts I, III, IV, and V).

In a March 6, 2025 Order, the lower court denied Plaintiff-Appellant's Motion to Vacate granted Defendant-Appellee's Motion for Judgement on all of Plaintiff-Appellant's claims.

In granting Defendant-Appellee's MJOP, the lower court found that the arbitrator did not engage in misconduct and acted within the scope of his authority in declining to allow for limited discovery based on the arbitration contract. That same court also found that the Counts I, III, IV, and V should be dismissed as an impermissible collateral attack on the final arbitration award.

The lower court rejected Plaintiff-Appellant's contention that the arbitrator engaged in misconduct by failing to ensure Plaintiff-Appellant received due process. Specifically, Plaintiff-Appellant contended that due process required the arbitrator to: (i) consider evidence of how Defendant-Appellee had treated other, similarly-situated schools facing withdrawal of their accreditation and (ii) allow for limited discovery on that same issue. The lower court also rejected Plaintiff-Appellant's contention that its tort claims should proceed because Defendant-Appellee's decision to withdraw accreditation was based on its bias and bad faith.

Attachment 2 to Docketing Statement
(Case No. 25-1372)

Appellant's Non-Binding Statement of Issues on Appeal:

1) Whether the district court erred in refusing to vacate the arbitration award based on the arbitrator's misconduct.

2) Whether the district court erred in determining the arbitrator did not engage in misconduct and/or bad faith when it refused to consider or allow evidence of how Defendant-Appellee treated other, similarly situated schools facing withdrawal of accreditation.

3) Whether the district court erred in refusing to vacate the arbitration award despite the lack of due process during the arbitration process.

4) Whether the district court erred in finding that the Plaintiff-Appellant's due process rights were not denied despite the arbitrator's failure to consider or allow evidence of how Defendant-Appellee treated other, similarly situated schools facing withdrawal of accreditation.

5) Whether the district court erred in dismissing Plaintiff-Appellant's four remaining claims (Counts I, III, IV, and IV) on the basis that they constituted an impermissible collateral attack on the arbitration award.

6) Whether the district court erred in concluding that Defendant-Appellee did not engage in bad faith, misconduct, and/or a violation of due process when it withdrew Plaintiff-Appellant's accreditation.